Hon. Herbert A. Kline Town Attorney, Kirkwood
We acknowledge receipt of your letter as Town Attorney and a letter of Supervisor Shafer of the Town of Kirkwood, commenting on failure of one of the town board members to attend board meetings and work sessions and the possible cessation of residence in the town of the town board member, he having gone to Florida last September for the announced purpose of helping to care for his wife's seriously ill parents, since which time he has attended only one town board meeting in December, 1977 and one work session in January, 1978. You state that the town board believes he is now residing in Florida. We take it from this that he is not available to provide a direct answer to the question of his residence.
You inquire whether this office investigates such circumstances and, where appropriate, initiates removal proceedings of such an officer, and if we do not, whether any other state officer or agency does so.
This office does not perform such a function and we are not aware of any other state agency which does.
You also inquire whether the town board may initiate an application for removal of the town board member under Public Officers Law, § 36
and, if so, whether the town attorney or special counsel retained and paid by the town board could represent the town board in the application for removal of the officer.
Public Officers Law, § 36 provides as follows:
 "§ 35. Removal of town, village, improvement district or fire district officer by court
 "Any town, village, improvement district or fire district officer, except a justice of the peace, may be removed from office by the supreme court for any misconduct, maladministration, malfeasance or malversation in office. An application for such removal may be made by any citizen resident of such town, village, improvement district or fire district or by the district attorney of the county in which such town, village or district is located, and shall be made to the appellate division of the supreme court held within the judicial department embracing such town, village, improvement district or fire district. Such application shall be made upon notice to such officer of not less than eight days, and a copy of the charges upon which the application will be made must be served with such notice."
In our opinion, the application for removal of an officer under Public Officers Law, § 36 must be made by "any citizen resident" or the district attorney of the county, not by the town board (Matter ofCitizens Council Village of New Hyde Park, Inc., 55 A.D.2d 911 [1977],Application of Tompkins, 11 A.D.2d 895 [1960]). Individual members of the board, singly or in any combination, just as other citizen residents of the town, may make the application but it would be inappropriate for the legal expense to be paid by the municipality. However, the town board may pass a resolution requesting the county district attorney to institute a removal proceeding in his official capacity but the district attorney has discretion as to whether to exercise his jurisdiction to commence the removal proceeding.
Although the town board, as such, may not institute a proceeding under Public Officers Law, § 36 to remove a town board member the town board has the duty to fill a vacancy on the board (see informal opinions of the Attorney General reported in 1970 Opns Atty Gen 65 and 1973 Opns Atty Gen 145, copies enclosed), and Roher v. Dinkins, 32 N.Y.2d 180
[1973] and the concomitant duty, where uncertainty exists, to ascertain whether there is a vacancy on the board, so it would be perfectly proper for the town board to institute an action for a declaratory judgment to obtain a determination as to the place of domicile of that town board member because, if he has moved out of the town, a vacancy in office exists under Public Officers Law, § 30, subd. 1, par. d. The court in considering this could determine the existence of a vacancy. The town attorney or special counsel retained by the town board could bring such an action on behalf of the town board and at town expense.
You also ask whether the town board may retain a private investigator to investigate to produce information which would assist the town board in determining whether the town board member has changed his residence.
We feel that such an expenditure would not be necessary. Certain basic investigations may be made by town officers and employees and if the results are not conclusive an action for a declaratory judgment, as above described, can be brought.
You ask our opinion, also, as to whether a local law may be adopted by the town to authorize the town board to declare a vacancy on the town board when an incumbent fails to attend board meetings and perform other services required by, and expected of, his office.
Public Officers Law, § 36 vests the power of removal of the board member in the Appellate Division of the Supreme Court. A local law such as you suggest would divest the Appellate Division of the Supreme Court of that jurisdiction. The grant of home rule power specifically excepts from the grant any authority to legislate in relation to the courts. See New York Constitution, Article IX, § 3, subd. a, par. (2) and Municipal Home Rule Law, § 11, subd. 1, par. e. In addition, such a local law would amend a state statute, Public Officers Law, § 36, which applies alike to all similar municipalities, which is contrary to the provisions of the New York Constitution, Article IX, § 2, par. (c) and Municipal Home Rule Law, § 10, subd. 1, pars. (i) and (ii).
In our opinion, a town board does not have authority to pass a local law requiring town board members to attend regular board meetings and work sessions of the board and, in default of such attendance, empowering the town board to declare the office vacant.